# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-072V
Filed: July 25, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KARA BILODEAU, and                \* | |
| TODD BILODEAU, parents of      \* | Dismissal; Pneumococcal Vaccine; |
| E.B., a minor,                       \* | Measles-Mumps-Rubella ("MMR") |
|                               \* | Vaccine; Influenza ("Flu") Vaccine; |
|                Petitioners,     \* | Pneumonia; Insufficient Proof |
|                               \* | |
| v.                                    \* | |
| SECRETARY OF HEALTH       \* | |
| AND HUMAN SERVICES,        \* | |
|                               \* | |
|                Respondent.    \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer, Esq., Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioners.*
*Ann D. Martin, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.*

## DECISION[1]

**Roth,** Special Master:

       On January 27, 2014, petitioners filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that their child, E.B., suffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

pneumonia because of the administration of pneumococcal, measles-mumps-rubella ("MMR"), and influenza ("flu") vaccines. The information in the record, however, does not show entitlement to an award under the Program. On July 25, 2016, petitioners moved for a decision dismissing this petition.

To receive compensation under the Program, petitioner must prove either 1) that E.B. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of E.B.'s vaccinations, or 2) that E.B. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that E.B. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that E.B.'s alleged injury was vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioners' claim, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that E.B. suffered a "Table Injury" or that E.B.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master